IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY EUGENE McCLAIN, #117427, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:25-cv-00557 |
| ) | |
| F/N/U STRADA, et al., ) | JUDGE RICHARDSON |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Johnny McClain, a state inmate incarcerated at the Trousdale Turner Correctional Center (TTCC), filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1, "the Complaint") and paid the civil filing fee. (Doc. No. 2.)

The Complaint is now before the Court for the initial screening required by the Prison Litigation Reform Act (PLRA). *See* 28 U.S.C § 1915A(a) ("The court shall review, . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity[.]").

## I. PLRA SCREENING STANDARD

In cases filed by prisoners, the Court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c).

To determine whether the Complaint states a claim upon which relief may be granted, the Court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure

12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. *Inner City*, *supra*.

## II. REVIEW OF THE COMPLAINT

The Complaint is filed under Section 1983, which authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. The Complaint must therefore plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

A. <u>Allegations and Claims to Relief</u>

Plaintiff alleges that he was stabbed multiple times by another inmate during an altercation on August 21, 2024. (Doc. No. 1 at 2.) He alleges that CoreCivic[1] staff had "clear knowledge of escalating tensions" between Plaintiff and inmate Jeremiah Key, as well as "specific threats posed by [Key]," yet failed to take any action to protect him from Key's attack. (*Id.*) During the

---

[1] CoreCivic is a private corrections management firm that operates TTCC pursuant to contract with the State of Tennessee. https://www.tn.gov/correction/state-prisons/state-prison-list/trousdale-turner-correctional-center.html (last visited July 14, 2025).

altercation, correctional officers Hunt and Jane Doe watched without intervening. (*Id.*) As a result of Key's attack, Plaintiff suffered injuries including "a stab wound to his eye that now impairs his vision." (*Id.*) For over eleven hours after the attack, Plaintiff was denied medical care. (*Id.*) After Plaintiff filed grievances, he "experienced retaliation orchestrated by CoreCivic staff, and physical assault by correctional staff" on September 9, 2024, when Lt. Hill and three other, unnamed officers "drug [him] into the showers and attempted to drown him while in handcuffs and fully dressed." (*Id.* at 2–3.) While this was going on in the showers, correctional officer Rickey Hill sprayed pepper spray all over Plaintiff's cell, causing further trauma to Plaintiff's injured eye. (*Id.* at 3.) Nurse Jane Doe witnessed the incident in the showers but "ran away when [Plaintiff] was crying for help and did not report" the matter. (*Id.*)

In January 2025, Plaintiff and Key were placed in the same vehicle for transport to the county jail in Hartsville, Tennessee. (*Id.*) On May 12, 2025, "high ranking officials" placed Plaintiff in further danger by openly stating in the Pod that he was "running their Pod hot." (*Id.*)

As a result of the August 2024 altercation with Key, Plaintiff was investigated and criminally charged by attorneys Jack Bare and Nicholas Bailey, "despite no evidence he possessed a weapon or initiated the altercation." (*Id.*) The results of their allegedly improper investigation were used against Plaintiff at his parole hearing. (*Id.*)

Plaintiff asserts Eighth Amendment claims for deliberate indifference to safety and to serious medical needs, and for use of excessive force. He asserts Fourteenth Amendment claims for denial of due process in disciplinary and retaliatory actions. He asserts retaliation claims under the First Amendment. Finally, he claims violations of his rights under the Tenth Amendment and Title VI of the Civil Rights Act of 1964. (Doc. No. 1 at 3–4.) He sues the following Defendants in their individual and official capacities:

Commissioner Strada; CEO Damon Hiniger (CoreCivic); Third Party Staffing Agency; WellPath; Lt. E[d]mond Hill; Sgt. Bonds; SCO Campbell; ACOS Mitchell; Contract Monitor Rickey Hill; Nurse Jane Doe; C/O Elisha Futrell; C/O Hunt; Medical Personnel Trombley; Chief of Unit Managers Carter; 15th Judicial District of TN ADA Jack Bare; Attorney Nicholas Bailey; Classification Crawford; Chief Mitchell; Warden Huggin; Mrs. Arrington; Two John Doe Transportation Officers; Warden Secretary Watts; Commanding Officer Ms. Fuqua; Jane Doe C/O with C/O Hunt at the time of incident; Trousdale County Commissioner; Trousdale County Judge Brown; Trousdale County, TN.

(Doc. No. 1 at 1.) Plaintiff seeks relief including damages and the "[i]mmediate removal of any detainer or fabricated criminal charge resulting from the August 2024 assault." (*Id.* at 4–5.)

B. Legal Analysis

The Eighth Amendment's Cruel and Unusual Punishments Clause requires that convicted inmates be protected from known dangers to their personal health or safety and prohibits the use of excessive force against them. Regarding failure to protect, an Eighth Amendment violation may occur when prison guards fail to protect one inmate from an attack by another inmate. *See Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990). However, "not all injuries suffered by an inmate at the hands of another prisoner result in constitutional liability for prison officials under the Eighth Amendment." *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998). The inmate must show that the defendant prison official was deliberately indifferent "to a substantial risk of serious harm" to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004). To meet this standard, the inmate must show "that the official was subjectively aware of the risk" and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Greene*, 361 F.3d at 294 (quoting *Farmer*, 511 U.S. at 847). Here, Plaintiff's allegations that "CoreCivic staff" knew of the tension between himself and inmate Key, as well as Key's specific threats, falls short of sufficiently pleading any particular official's deliberate indifference to a known risk. However, his allegation that correctional officers Hunt and Jane Doe watched the

attack without intervening is sufficient at this early stage to state a colorable failure-to-protect claim, even though Key had a knife. *See Walker*, 917 F.2d at 1453 ("Viewing the evidence in the light most favorable to the plaintiff, the jury could have concluded that officers Ritz and Jordan had opportunities to prevent the stabbing death . . . by intervening when Eggleston attacked Fails in the yard as the guards looked on."); *but see Patmon v. Parker*, 3 F. App'x 337, 338 (6th Cir. 2001) (affirming summary judgment for prison guards because guards "have no constitutional duty to intervene in an armed assault by an inmate when the intervention would place the guard in danger of physical harm"). Development of the factual record may establish otherwise, but at this point, viewing the Complaint's allegations in the light most favorable to Plaintiff, they are sufficient for this claim against correctional officers Hunt and Jane Doe to survive initial screening. These two Defendants are also plausibly claimed to have been deliberately indifferent to Plaintiff's serious need for medical treatment in the eleven hours after his stab wounds—including a stab wound to his eye—were inflicted. *See Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004) ("When prison officials are aware of a prisoner's obvious and serious need for medical treatment and delay medical treatment of that condition for non-medical reasons, their conduct in causing the delay creates the constitutional infirmity.").

Regarding excessive force, the "core judicial inquiry" in considering such a claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). In addition to this subjective inquiry, there is also an objective component to Eighth Amendment excessive-force claims, which requires the pain inflicted to be sufficiently serious. *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)). However, the Court may not apply a "de minimis

injury" test to such claims, as "the judicial inquiry should focus on 'the nature of the force rather than the extent of the injury.'" *Williams*, 631 F.3d at 384 (quoting *Wilkins*, 559 U.S. at 34). Presuming the truth of Plaintiff's allegations that Lt. Hill and three other, unnamed officers "drug [him] into the showers and attempted to drown him while in handcuffs and fully dressed" (*id.* at 2–3), the Court finds that the serious nature of the force, the maliciousness of its application, and the seriousness of the resulting injury are colorably established for purposes of initial review. Further factual development may reveal otherwise, but at this early stage, Plaintiff's allegations are sufficient to allow his claim for excessive force to proceed against Lt. Hill and the three unnamed officers (whose identities must soon be ascertained) in their individual capacity, whether those Defendants used force against Plaintiff themselves or failed to protect him from another officer's use of force. *See Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997) ("Our cases teach that, in order to hold Officer Scott liable for the use of excessive force, Mrs. Turner must prove that he (1) actively participated in the use of excessive force, (2) supervised the officer who used excessive force, or (3) owed the victim a duty of protection against the use of excessive force.") (citing cases).[2]

Plaintiff alleges that the excessive use of force occurred "[u]pon filing grievances" concerning the assault and its aftermath. (Doc. No. 1 at 2–3.) Regardless of whether subsequent disciplinary proceedings resulted in a finding that Plaintiff was responsible for misconduct related to his altercation with Key, he may assert a plausible claim of First Amendment retaliation based on the alleged shower incident and Defendant Rickey Hill's dousing of his cell with pepper spray

---

[2] Nurse Jane Doe on the other hand, who allegedly witnessed the shower incident and ran away, cannot be held liable for her "mere presence during the altercation, without a showing of some direct responsibility" or a showing that she "had both the opportunity and the means to prevent the harm from occurring*." Burgess v. Fischer*, 735 F.3d 462, 475 (6th Cir. 2013) (citing *Turner*, *supra*). The Complaint's allegations do not support a plausible claim that Nurse Jane Doe can be held liable for failing to intervene in the correctional officers' use of excessive force.

in response to his protected conduct of filing a nonfrivolous grievance. *See Maben v. Thelen*, 887 F.3d 252, 262–64 (6th Cir. 2018). To state such a claim, Plaintiff must show that (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by his protected conduct. *Id.* at 262, 264. Liberally construing the Complaint's allegations in Plaintiff's favor, they are sufficient to plausibly establish these three elements and allow his retaliation claim to proceed against Lt. Hill, correctional officer Rickey Hill, and the three unnamed correctional officers, all in their individual capacity.

Plaintiff's claims to denial of his Tenth Amendment rights, his Fourteenth Amendment due process rights "in disciplinary . . . actions," and of "[d]iscrimination in federally assisted programs" under Title VI (*see* Doc. No. 1 at 3–4), are stated sparsely and in conclusory fashion. They are not supported by any facts concerning the alleged discrimination or the procedures during prison disciplinary proceedings against him, nor do they identify the Defendant(s) to which they are directed. The rules governing pleading in federal court require that a complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But that short and plain statement must be supported by "sufficient factual matter, accepted as true," to make the claimed right to relief not just possible, but plausible. *Hill*, 630 F.3d at 470–71. This standard does not require *detailed* factual allegations, but it does require "more than labels[,] conclusions, [or] a formulaic recitation" of the elements of a cause of action. *Ryan v. Blackwell*, 979 F.3d 519, 524 (6th Cir. 2020) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint's factual allegations must be "sufficient to give notice to the defendant as to what claims are alleged" against him, *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010), and to enable the Court to determine the viability of those claims. Here, the

Complaint is devoid of factual material which would enable the Court to analyze the viability of Plaintiff's Tenth, Fourteenth, and Title VI claims under the standards discussed above. Those claims therefore will be dismissed.

As stated above, Plaintiff's First and Eighth Amendment claims will proceed against Defendants Hunt, correctional officer Jane Doe, Lt. Edmond Hill, Rickey Hill, and three unnamed correctional officers. All other individual Defendants named in the Complaint's caption (*see* Doc. No. 1 at 1) but not otherwise referred to in its factual allegations or claims (*see id.* at 2–3)[3] will be dismissed from this action. *See Green v. Correct Care Sols.*, No. 3:14-cv-01070, 2014 WL 1806997, at *4 (M.D. Tenn. May 7, 2014) (citing cases) ("It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal as to that defendant, even under the liberal construction afforded to pro se complaints."); *see also Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability.") (citing *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991)).

Moreover, Plaintiff's claims against Trousdale County, Third Party Staffing Agency, and WellPath, as well as his *official-capacity* claims against Hunt, correctional officer Jane Doe, Lt. Edmond Hill, Rickey Hill, and the three unnamed correctional officers, all require the injury claimed by Plaintiff and attributed to those Defendants to have resulted from the application of a policy or custom of the entity, or a policy or custom of the employer of those individuals sued in their official capacity. *See Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) (requiring § 1983

---

[3] These Defendants include Commissioner Strada, CEO Hiniger, Sgt. Bonds, SCO Campbell, ACOS Mitchell, C/O Elisha Futrell, Medical Personnel Trombley, Chief of Unit Managers Carter, Classification Crawford, Chief Mitchell, Warden Huggin, Mrs. Arrington, Two John Doe Transportation Officers, Warden Secretary Watts, Commanding Officer Ms. Fuqua, the (unnamed) Trousdale County Commissioner, and Trousdale County Judge Brown.

claims against private contractors or private corporations employed by a state to be supported by allegations that a policy or custom of the entity was the moving force behind the constitutional deprivation); *Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir. 2010) (requiring that a § 1983 claim against a municipality be supported by a showing that the moving force behind the injury was a municipal policy or custom); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (noting that "individuals sued in their official capacities stand in the shoes of the entity they represent," such that the entities that employ such individuals "are the only true defendants in th[e] case"). No such policy-or-custom allegations are contained within the Complaint, so the case will not proceed against the municipal/organizational defendants, or against the aforementioned TTCC employees in their official capacity.

Finally, the attorneys who (allegedly) "improperly initiated criminal charges against Plaintiff" and opposed his effort to win release on parole, Jack Bare and Nicholas Bailey, are immune from suit under Section 1983 over their actions on behalf of the State of Tennessee. As state employees, prosecutors in their official capacity share the sovereign immunity of the state that they represent. *See Kentucky v. Graham*, 473 U.S. 159, 165–66, 169 (1985) ("The Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court. This bar remains in effect when State officials are sued for damages in their official capacity.") (citations omitted); *Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tennessee*, 63 F.4th 510, 518 (6th Cir. 2023) ("As for suits under § 1983, Tennessee has not consented to such lawsuits and Congress has not removed states' sovereign immunity under the statute."). In their individual capacity as well, Bare and Bailey are entitled to prosecutorial immunity from suit because their alleged wrongful actions were "intimately associated with the judicial process," such as the initiating of criminal charges against

Plaintiff over the August 2024 altercation and the opposition of his release on parole, even if such actions amount to "unquestionably illegal or improper conduct, including instances where a defendant is genuinely wronged." *Price v. Montgomery Cnty., Kentucky*, 72 F.4th 711, 719–20 (6th Cir. 2023) (citations and internal quotation marks omitted); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 341–43 (2009) (recognizing absolute prosecutorial immunity from suit under Section 1983 for all actions taken in capacity as officers of the court); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("We hold only that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [§] 1983."). And any constitutional claim of malicious prosecution which might escape the reach of prosecutorial immunity would require Plaintiff to establish that the criminal proceeding was resolved in his favor, *Sykes v. Anderson*, 625 F.3d 294, 309 (6th Cir. 2010), which he has not pled.[4]

### III. PENDING MOTIONS

Because the results of PLRA screening will include the dismissal of Defendant Bailey from this action, "Defendant Bailey's Motion to Dismiss" (Doc. No. 13) is **DENIED** as moot.

It is further apparent that many filings in this matter have been made by an individual Plaintiff identifies as "my legal aid," Ms. Jacqueline Mayberry. (Doc. No. 17-1 at 1.) Those filings include the pending "Motion to Add a Name" (Doc. No. 8), "Motion to Amend Complaint" (Doc.

---

[4] Relatedly, the "removal of any . . . fabricated criminal charge" filed by Bailey (Doc. No. 1 at 4) is not relief that is available to Plaintiff under Section 1983. It is well settled that direct challenges to pending charges, as distinguished from the "circumstances" or conditions of the charged detainee's confinement, are not properly lodged under Section 1983 but are within the sole province of habeas corpus. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus."); *Davenport v. Miller*, No. 2:24-CV-2838, 2024 WL 4440971, at *2 (S.D. Ohio Oct. 8, 2024) (habeas corpus is sole remedy for detainee seeking nonmonetary relief based on defects in criminal pretrial proceedings), *report and recommendation adopted*, 2024 WL 4665665 (S.D. Ohio Nov. 4, 2024); *Guzman v. Gadson*, No. 1:21-CV-3135-MHC-RDC, 2021 WL 11718275, at *2 (N.D. Ga. Aug. 11, 2021) ("Plaintiff's § 1983 action must be dismissed as § 1983 is not available for a challenge seeking the dismissal of a criminal indictment."), *report and recommendation adopted*, 2021 WL 11718270 (N.D. Ga. Sept. 10, 2021).

No. 26), and "Motion for Injunctive Relief" (Doc. No. 27). These motions arrived via mail from Ms. Mayberry's residential address in Madison, Tennessee, signed and submitted for filing by her as though she were Plaintiff's attorney. But there is no indication that Ms. Mayberry in a licensed attorney. Accordingly, she may not represent Plaintiff in this Court. *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) ("Federal law allows parties to plead and conduct their own cases personally or by counsel. … The rule against non-lawyer representation protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent.") (citations and internal quotation marks omitted). The pending motions improperly filed by Ms. Mayberry on Plaintiff's behalf (Doc. Nos. 8, 26, and 27) are **DENIED**.

Plaintiff and Ms. Mayberry are admonished that all future filings in this pro se case must be signed personally by Plaintiff, not by Ms. Mayberry (or any other non-lawyer) purportedly on Plaintiff's behalf. *See* Fed. R. Civ. P. 11(a). The Clerk **SHALL** provide Ms. Mayberry with a copy of this Order at the return address provided on her mailings. (*See*, *e.g.*, Doc. No. 26 at 2.)

## IV. CONCLUSION

As discussed above, the Complaint in this case will be allowed to proceed beyond initial screening with respect to seven defendants. For three of them (Hunt, Edmond Hill, and Rickey Hill), there appear to be service returns on file. (*See* Doc. No. 7.) Having paid the filing fee, Plaintiff is responsible for ensuring that each of the other remaining Defendant is served with a summons and a copy of the Complaint. Fed. R. Civ. P. 4(c)(1). Resources for pro se litigants, including instructions for how to accomplish service of process, are available free of charge on the Court's website as well as by request to the Clerk's Office so long as the privilege is not abused.

As to correctional officer Jane Doe and the three unnamed correctional officers, process cannot be served, because process cannot be served upon unidentified individuals. Therefore,

Plaintiff **MUST** exercise due diligence and conduct a reasonable investigation to promptly determine the full names of these Defendants so that process can be timely served under Federal Rule of Civil Procedure 4(m). Plaintiff **MUST** then file a motion to amend the Complaint to name the Defendants. Upon referral, the Magistrate Judge may take any necessary action related to service of process upon the unnamed Defendants, including providing for Plaintiff to serve early, limited discovery to ascertain their identity or ordering the TTCC warden to provide identifying information.

Defendants Strada, Hiniger, Bonds, Campbell, Mitchell, Futrell, Trombley, Carter, Crawford, Mitchell, Huggin, Arrington, John Doe Transportation Officers, Watts, Fuqua, Trousdale County Commissioner, Trousdale County Judge Brown, Trousdale County, Third Party Staffing Agency, WellPath, Nurse Jane Doe, Bare, and Bailey are **DISMISSED** from this action.

The Court's determination that the Complaint states colorable claims for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

This action is **REFERRED** to the Magistrate Judge to oversee service of process, to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE