IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY EUGENE MCCLAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:25-cv-00557 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| EDMOND HILL, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

### ORDER

Pending before the Court[1] is the report and recommendation (Doc. No. 69, "R&R") of the Magistrate Judge, which recommends that the Court deny the motions for preliminary injunctive relief (Doc. Nos. 36, 42, collectively "Motions") filed by *pro se* Plaintiff, Johnny Eugene McClain. Plaintiff has filed Objections (Doc. No. 75, "Objections")[2] to the R&R.[3] For the reasons stated herein, the Court will adopt the R&R in full.

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Herein, a given use of the term "Objections" may refer to the document (Doc. No. 75) itself, to the purported objections contained therein (i.e., the "objections" to the R&R contained within the "Objections"), or both.

[3] Typically, a party has 14 days to file objections to a report and recommendation issued by a magistrate judge. Fed. R. Civ. P. 72(b)(2). Here, Plaintiff filed his Objections on December 30, 2025, 27 days after the R&R was issued on December 3, 2025. Nevertheless, owing to Plaintiff's *pro se* status and because Plaintiff is incarcerated, the Court in its discretion will not decline to consider the Objections because of their untimeliness, and will consider the merits of the Objections herein. *See, e.g., Moses v. Am. Apparel Retail, Inc.*, No. 13-CV-2753-SHL-DKV, 2015 WL 4665968, at *1 n.2 (W.D. Tenn. Aug. 6, 2015) ("Plaintiff's objections are untimely, but, in light of Plaintiff's *pro se* status, the Court will take her objections into consideration."); *Worth v. Wamsley*, No. 2:17-CV-00043, 2018 WL 1315017, at *1-2 (S.D. Ohio Mar. 14, 2018) (considering objections on the merits filed by *pro se* incarcerated plaintiff nearly two months after the deadline to file objections expired).

Below, the Court first will review the background of the instant action, of the Motions, and of the R&R. The Court next will examine pertinent content of the R&R before then reviewing the legal standard for a district court judge's review of the report and recommendation of a magistrate judge. The Court will then analyze Plaintiff's Objections to the R&R and review (as necessary) any portions of the Magistrate Judge's R&R to which a proper objection was made by Plaintiff.

## BACKGROUND

Plaintiff is a prisoner currently incarcerated at Trousdale Turner Correctional Center ("TTCC"). (Doc. No. 1 at 2). On May 15, 2025, Plaintiff initiated this lawsuit by filing a complaint (Doc. No. 1, "Complaint"). The Complaint asserted claims under 42 U.S.C. § 1983 against numerous defendants in their individual and official capacities based on alleged violations of Plaintiff's First Amendment, Eighth Amendment, Tenth Amendment and Fourteenth Amendment rights as well as Plaintiff's rights under Title VI of the Civil Rights Act of 1964. (Doc. No. 1 at 3-4).

Plaintiff's claims arise out of an alleged stabbing by another inmate, Jeremiah Key, during an altercation on August 21, 2024. (*Id.* at 2). Plaintiff alleges that CoreCivic[4] staff had "clear knowledge of escalating tensions" between Plaintiff and Key, as well as "specific threats posed by [Key]," to Plaintiff, yet failed to take any action to protect Plaintiff from Key's attack. (*Id.*). Plaintiff further alleges that correctional officers watched the alleged assault by Key on Plaintiff without intervening. (*Id.*) Plaintiff also alleges that he was denied medical care after the attack, and that that he was subject to retaliation planned by CoreCivic staff. (*Id.* at 2-3).

---

[4] CoreCivic is the private corrections management firm that operates TTCC pursuant to contract with the State of Tennessee. *Trousdale Turner Correctional Center*, TN Dep't of Corr., https://www.tn.gov/correction/state-prisons/state-prison-list/trousdale-turner-correctional-center.html (last visited January 14, 2025).

On July 15, 2025, the Court conducted an initial screening of the Complaint pursuant to 28 U.S.C § 1915A(a) (Doc. No. 34), and permitted Plaintiff's First and Eighth Amendment claims to proceed against seven defendants in their individual capacities. (Doc. No. 34 at 4-8). The Court dismissed all other claims and defendants. (*Id.* at 7-10, 12).

Plaintiff then filed the two Motions, each of which seeks preliminary injunctive relief. (Doc. Nos. 36, 42). In the first of the Motions (Doc. No. 36), Plaintiff requested an order requiring "that prison staff be ordered to take [Plaintiff] to all [medical] appointments and for prison staff to produce names of all Jane Does and John Does defendants." (*Id.* at 2). With respect to his medical appointment request, Plaintiff referred to certain vision problems he is experiencing, specifically blindness in his right eye. (*Id.*). Plaintiff also requested that TTCC officials be ordered to "stop putting gang members" in Plaintiff's cell. (*Id.*). In the second motion for injunctive relief (Doc. No. 42), Plaintiff requested both an order requiring "defendants [to] give him copies of all grievances" he has filed at TTCC and the Court's assistance in acquiring medical records from non-prison medical providers. (*Id.* at 1). Plaintiff further requested the Court's assistance in sending these records via mail to Plaintiff's family due to what Plaintiff asserted are "unlawful acts of [TTCC] officials [in] holding and destroying Plaintiff['s] incoming mail." (*Id.* at 1). One of the Defendants in this action, Edmond Hill, filed a response (Doc. No. 55) in opposition to the Motions.[5]

---

[5] Although Defendant Edmond Hill's response (Doc. No. 55) is made in reference only to Doc. Nos. 35, 39, 41, and 42—and not Docket No. 36 (i.e., the first of the Motions), the Court understands Defendant Edmond Hill therein to have substantively posed an objection to both of the Motions because he therein requested the Court to deny Plaintiff's requested "Preliminary *Injunctions*." (Doc. No. 55 at 1) (emphasis added).

## THE MAGISTRATE JUDGE'S R&R

The R&R addressed both of the Motions. As a threshold matter, the Magistrate Judge noted in the R&R that:

> In determining whether to grant a preliminary injunction, the Court must consider whether the movant has established: (1) a "strong" likelihood of success on the merits; (2) that he will suffer irreparable injury absent injunctive relief; (3) that the balance of the equities favors the movant because the issuance of an injunction would not cause substantial harm to others; and (4) that the public interest would be served by the issuance of the injunction. *Sisters for Life, Inc. v. Louisville-Jefferson County*, 56 F.4th 400, 403 (6th Cir. 2022); *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000).

(Doc. No. 69 at 3-4). The Magistrate Judge also explained that "[w]hether to grant a preliminary injunction is within the discretion of the district court." (Doc. No. 69 at 4) (citing *Tenn. Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009)).

With respect to Plaintiff's Motions, the Magistrate Judge recommended that the Motions be denied on multiple grounds. First, the Magistrate Judge recommended that the Motions be denied because:

> . . . they are not supported by an affidavit, declaration, or any other type of actual evidence. Because the issuance of a preliminary injunction is an extraordinary remedy, the proof required for a party to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion. *Leary*, 228 F.3d at 739. Thus, a party seeking a preliminary injunction must present "more than 'scant evidence' to substantiate [its] allegations." *Patel v. AR Grp. Tennessee, LLC*, 2020 WL 5849346, at *4 (M.D. Tenn. Oct. 1, 2020) (quoting *Libertarian Party of Ohio v. Husted*, 751 F.3d 403, 417 (6th Cir. 2014)). An unsupported motion, such as Plaintiff's two motions, must be denied.

(Doc. No. 69 at 4).

Second, the Magistrate Judge recommended that the Motions be denied because even if they "were properly supported" (*id.* at 4), "some aspects of the injunctive relief requested by Plaintiff - providing him with documents and information - are actually issues that are more appropriately raised as discovery issues." (*Id.*) (citing *Doe v. Off. of Inspector Gen. (OIG)*, 2025

WL 2318623, at *5 (M.D. Tenn. Aug. 11, 2025) (Campbell, J.) ("[T]he majority of the relief requested – acknowledgement of claims and requests for discovery – is not an appropriate subject for a preliminary injunction.")). The Magistrate Judge also relied on his assessment that "Plaintiff does not direct his requests for preliminary injunctive relief at any particular defendant who has been shown to be able to provide the requested relief" (Doc. No. 69 at 4), which was problematic for Plaintiff because "to obtain a preliminary injunction, there must be a defendant against whom the preliminary injunction would be appropriately enforceable." (*Id.* at 4-5) (quoting *Doe v. Rausch*, 2025 WL 57711, at *5 (M.D. Tenn. Jan. 9, 2025)).

Finally, the Magistrate Judge recommended that the Motions be denied because:

> Plaintiff does not actually seek to preserve the status quo in this case prior to trial but requests that the Court actively intervene on his behalf by overseeing aspects of his incarceration and by providing him with affirmative relief prior to any resolution of his claims. The Court finds no basis supporting such extraordinary relief. This action was only recently filed, and Plaintiff's likelihood of success on the merits is no greater than that of Defendants at this point. Plaintiff has also not made a persuasive showing that he will suffer irreparable harm if the requested injunctive relief is not granted. The balancing of harms . . . also does not weigh in favor of the requested relief, and Plaintiff has not persuasively demonstrated that a public interest would be advanced by the requested relief[.]

(Doc. No. 69 at 5).

LEGAL STANDARD FOR THE REVIEW OF REPORTS & RECOMMENDATIONS

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which a *proper* objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C.A. § 636(b)(1). [6] The district judge may accept, reject, or modify

---

[6] Significantly, and perhaps surprisingly, the statute does not actually direct the district judge to expressly rule on the objections themselves (i.e., expressly sustain or reject the objector's *specific* criticism(s) of what the magistrate judge did). Instead of requiring the district judge to determine *the* validity of the objections to what the magistrate judge did, the statute requires the district judge to make a determination—*de novo*,

the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.*

A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no proper objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

Only "specific written objections" to the magistrate judge's proposed factual findings and legal conclusions are "proper" under Federal Rule of Civil Procedure 72(b). *Frias v. Frias*, No.

---

which inherently means ultimately without reference to whether what the magistrate judge did was objectionable—of the portion(s) of the report and recommendation to which objection was made. Moreover, since the review of the objected-to portions of the report and recommendation is *de novo*, any critiquing of what the magistrate judge did ultimately would be dicta (albeit relevant and probative dicta to the extent that such critiquing explains the analysis underlying the district judge's determination of the objected-to portions of the R&R). Additionally, district judges in this Circuit not infrequently either decline to rule (or, to the same effect, deny as moot) a particular objections on the specific ground that so doing is unnecessary to rule on the objected-to portion of the report and recommendation. *E.g., Collins v. Bright*, No. 213CV02987JPMCGC, 2021 WL 5205622, at *3 (W.D. Tenn. Nov. 9, 2021) ("[T]his objection does not affect or alter the conclusions of the Magistrate Judge and is overruled as moot."); *Lashuay v. Fornwalt*, No. 1:15-CV-1109, 2017 WL 4160947, at *1 (W.D. Mich. Sept. 20, 2017) ("This Court need not resolve all of the objections," because only some of them needed to be addressed in order to resolve the motion that was the subject of the report and recommendation); *Weatherspoon v. Williams*, No. 2:14-CV-108, 2016 WL 6070994, at *1 (W.D. Mich. Oct. 17, 2016) ("Plaintiff's objections are irrelevant and will be denied."); *Bowers v. Burnett*, No. 1:08-CV-469, 2011 WL 1047343, at *2 n.1 (W.D. Mich. Mar. 18, 2011) (noting that the Court need not resolve an objection to the extent that the objector's position on the R&R has other fatal deficiencies); *Powell v. Alcoa High Sch.*, No. 3:10-CV-212, 2010 WL 2598260, at *2 (E.D. Tenn. June 24, 2010) (Because this objection is irrelevant to [the magistrate judge's] recommendations, it is hereby overruled.") *Cline v. Kelly*, No. 09CV859, 2010 WL 1006529, at *9 (N.D. Ohio Mar. 16, 2010) ("The Court acknowledges [the petitioner's] objection, but need not resolve it because that specific fact is not relevant to the resolution of any of the grounds for relief set forth in the petitioner that the magistrate judge had recommended be denied").

Thus, although it seems clear that the district judge *can* expressly rule on the objections, the Court concludes that a district judge is not required to do so. And herein, the Court declines to do so, focusing instead on the required *de novo* review and determination of the objected-to parts of the R&R—albeit in part by taking account of any ways in which the objections shed light on what the Court's ultimate determination should be.

2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019). Furthermore, Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of a magistrate judge's report or proposed findings or recommendations to which an objection is made. *See* Fed. R. Civ. P. 72(b)(2); L.R. 72.02(a). Significantly, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *Frias*, 2019 WL 549506, at *2. In other words, "the district court need not provide *de novo* review," or any other type of review, "where the objections are '[f]rivolous, conclusive or general,'" and therefore improperly made. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). *See also Ashraf*, 322 F. Supp. 3d at 881 ("The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made."); *Benson*, 2018 WL 6322332, at *3 (same).

ANALYSIS OF PLAINTIFF'S OBJECTIONS AND REVIEW OF THE R&R

Here, Plaintiff has filed Objections (Doc. No. 75) to the R&R. However, a review of the Objections reveals that for the most part, the Objections comprise exactly those types of "[f]rivolous, conclusive or general" objections which do not require the Court to provide *de novo* (or indeed *any*) review of the R&R. *Mira*, 806 F.2d at 637. *See also Frias*, 2019 WL 549506, at *2 (noting that the filing of "vague, general, or conclusory objections" is "tantamount to a complete failure to object," and that an objection "that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in [the context of objecting to the report and recommendation of a

magistrate judge]."). Indeed, the Objections for the most part (though not entirely, as will be explained in more detail below), simply restate what Plaintiff previously argued in his Motions without stating with specificity what in the R&R is incorrect. For example, the Objections include a restatement of Plaintiff's vision problems (Doc. No. 75 at 2), simply restate in more detail Plaintiff's concerns with TTCC "placing gang members in [Plaintiff's] cell," (*id.* at 3) and include unexplained citations to case law. (*Id.*). So, these portions of Plaintiff's Objections are improper and accordingly these parts of the Objections do not entitle Plaintiff to *de novo* (or indeed *any*) review of any portion of the R&R. *Frias*, 2019 WL 549506, at *2 ("The failure to raise proper objections is equivalent to filing no objections at all and releases the Court from its duty to independently review the record.").

On the other hand, Plaintiff does appear to lodge a specific and written (and thus cognizable) objection with respect to the portion of the R&R where the Magistrate Judge recommends that the Motions be denied because:

> . . . they are not supported by an affidavit, declaration, or any other type of actual evidence. Because the issuance of a preliminary injunction is an extraordinary remedy, the proof required for a party to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion. *Leary*, 228 F.3d at 739. Thus, a party seeking a preliminary injunction must present "more than 'scant evidence' to substantiate [its] allegations." *Patel v. AR Grp. Tennessee, LLC*, 2020 WL 5849346, at *4 (M.D. Tenn. Oct. 1, 2020) (quoting *Libertarian Party of Ohio v. Husted*, 751 F.3d 403, 417 (6th Cir. 2014)). An unsupported motion, such as Plaintiff's two motions, must be denied.

(Doc. No. 69 at 4).

Specifically, Plaintiff argues that he "sent evidence in motion [sic] to support evidence in complaint [sic]"[7] to show that he was "missing appointments." (Doc. No. 75 at 2). Plaintiff also

---

[7] The Court understands Plaintiff to be referring here to Plaintiff's filings titled: (i) "Declaration of Evidence to Support Complaint" (Docket No. 58), which includes as an exhibit various documents that Plaintiff contends support his Complaint; and (ii) "Evidence to Support My Claim" at Docket No. 59, which includes some 150 pages of documents that Plaintiff contends support Plaintiff's claims.

appears to argue that evidence of correctional officials tampering with his mail is in the record at Docket Nos. 58 and 59. (Doc. No. 75 at 3). Thus, the Court will conduct a *de novo* review of that portion of the R&R (the portion quoted just above) as to which Plaintiff has lodged a specific, written, and proper objection.

First, the Court agrees with the Magistrate Judge's statement of law that because a "preliminary injunction is an extraordinary remedy, the proof required for a party to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion," and that "a party seeking a preliminary injunction must present more than scant evidence to substantiate [its] allegations." (Doc. No. 69 at 4) (quotation marks omitted). Indeed, both of these principles elucidated by the Magistrate Judge are well supported in case law. *See e.g., McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012*)* ("'[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion' because a preliminary injunction is an extraordinary remedy." (quoting *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir.2000))); *Patel v. AR Grp. Tennessee, LLC*, 2020 WL 5849346, at *4 (M.D. Tenn. Oct. 1, 2020) (explaining that "[p]laintiffs seeking a preliminary injunction may not merely rely on unsupported allegations, but rather must come forward with more than 'scant evidence' to substantiate their allegations." (quoting *Libertarian Party of Ohio v. Husted*, 751 F.3d 403, 417 (6th Cir. 2014))).

The Magistrate Judge also stated that "[a]n unsupported motion, such as [each of the Motions], must be denied." (Doc. No. 69 at 4). Plaintiff appears to dispute this characterization of his Motions as unsupported, on the grounds that (according to him) his filings titled "Declaration of Evidence to Support Complaint" (Doc. No. 58) and "Evidence to Support My Claim" (Doc. No.

59) actually *did* include evidence supporting his Motions. The Court agrees with the Magistrate Judge that the Motions are unsupported despite these filings and may be denied on that basis.

In the first place, there is no indication *anywhere* that Plaintiff intended these filings to be made in support of either of Plaintiff's Motions. Indeed, as noted above, the filing at Docket. No. 58 is titled as "Declaration of Evidence to Support *Complaint*" (emphasis added), and the filing at Docket No. 59 is titled "Evidence to Support My *Claim*." (emphasis added). In other words, the Magistrate Judge could not have known, from the face of these filings, that Plaintiff intended these filings to support the Motions. Moreover, Plaintiff *nowhere* in his Motions cites the filings at Docket No. 58 and Docket No. 59, and Plaintiff made the filings at Docket Nos. 58 and 59 weeks *after* he filed his Motions. Thus, by all indications, the filings at Docket No. 58 and Docket No. 59 were made in support Plaintiff's *Complaint* (and the claims therein) and not Plaintiff's *Motions*. Moreover, at the time Plaintiff filed his Motions, Plaintiff filed in support thereof neither an affidavit, a declaration, nor any other piece of evidence. This means—as the Magistrate Judge correctly discerned—that the Motions were in fact unsupported at the time they were filed and that this reality provides a sound basis for denying them.

In summary, after conducting a *de novo* review of that portion of the R&R to which Plaintiff lodged a proper objection, the Court agrees with the Magistrate Judge that because they are unsupported, Plaintiff's Motions should be denied.[8] Moreover, as noted above, Plaintiff has not lodged any other proper objections to the R&R entitling Plaintiff to *de novo* (or any other type of) review of the R&R, and the Court will therefore adopt and approve the R&R in its entirety.

---

[8] Even if the Court were to conclude that the Magistrate Judge erred on this point and thus found that the Motions *were* supported by evidence (in the form of affidavits, declarations or otherwise), it would not unsettle the ultimate conclusion of the R&R that the Motions should be denied, because, as noted above, the Magistrate Judge explained that even if the Motions "were properly supported, the motions should nonetheless be denied," (Doc. No. 69 at 4) for reasons the Magistrate Judge then explained elsewhere in the R&R (*id.* at 4-6)—reasons Plaintiff has not properly objected to as the Court explained above.

## CONCLUSION

Accordingly, for the reasons described herein, the R&R (Doc. No. 69) is adopted and approved in its entirety, and Plaintiff's Motions (Doc. Nos. 36 and 42) are **DENIED**.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE