**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE**

| | | |
|---|---|---|
| **JOHNNY EUGENE McCLAIN** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:25-cv-00557** |
| | ) | |
| **COMMISSIONER FRANK STRADA *et al.*** | ) | |

**TO: Honorable Waverly D. Crenshaw, Jr., United States District Judge**

**R E P O R T A N D R E C O M E N D A T I O N**

This *pro se,* prisoner civil right action has been referred to the Magistrate Judge for pretrial proceedings. *See* Memorandum Opinion and Order entered July 15, 2025 (Docket Entry No. 34). Presently pending before the Court are Plaintiff's motions for preliminary injunctive relief (Docket Entry Nos. 91 and 96). For the reasons set out below, the undersigned respectfully recommends that the motions be **DENIED**.

## I. BACKGROUND

Johnny Eugene McClain ("Plaintiff"), is a prisoner of the Tennessee Department of Correction ("TDOC") currently confined at the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee, a facility operated by CoreCivic. On May 15, 2025, he paid the filing fee and filed this *pro se* lawsuit. *See* Complaint (Docket Entry No. 1). Plaintiff seeks relief based on allegations that his constitution rights were violated in 2024 and 2025 at the TTCC. Specifically, he alleges that he was involved in a violent altercation with another inmate on August 21, 2024, suffering injuries that included a "stab wound" to his eye. He contends that two correctional officers did not intervene to prevent or stop the attack and that he was denied

medical care for over eleven hours after the attack. Plaintiff further alleges that he was retaliated against after filing grievances about the matter when correctional officers physically assaulted him on September 9, 2024, and sprayed his cell with pepper spray. In addition to these events, Plaintiff also complained about a variety of other actions by prison officials and named approximately 30 defendants.

By Memorandum Opinion and Order entered July 15, 2025 (Docker Entry No. 34), the Court conducted an initial screening of the complaint pursuant to 28 U.S.C § 1915A(a) and permitted the lawsuit to proceed against seven defendants in their individual capacities only based on Plaintiff's Eighth Amendment claims of failure to protect, inadequate medical care, and excessive force and on a First Amendment retaliation claim. *Id*. at 4-7. The Court dismissed all other defendants and claims. *Id*. at 7-9 and 12. Plaintiff subsequently amended his complaint in order to identify previously unidentified defendants against whom claims were permitted to proceed and to add a defendant. *See* Order entered December 2, 2025 (Docket Entry No. 68).

As the action currently stands, these are the Defendants against whom the lawsuit proceeds - Emond Hill, Rickey Hill, Kyla Mitchell, Joshua Carter, Jeffrey Godfrey, Marvita Hunter, Rita Bennma, and correctional officer f/n/u Spike.[1] *See* Order entered December 2, 2025 (Docket Entry No. 68). Only Defendants Edmond Hill, Kyla Mitchell, and Joshua Carter have appeared and are before the Court, having filed answers. *See* Docket Entry Nos. 47 and 73.[2] Perfecting service of process upon the remaining Defendants has been on ongoing issue that has been addressed by the Court. *See* Orders entered February 17, 2026 (Docket Entry No. 90), and

[1] In Docket Entry No. 118, Plaintiff identifies the first names of Defendants Hunter and Bennma.

[2] An answer was inadvertently filed on behalf of Ricky Hill. *See* Docket Entry No. 53.

July 22, 2026 (Docket Entry No. 126). Plaintiff has been an active litigant in the case, having filed a multitude of motions.[3]

## II. PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF

In his first motion, Plaintiff makes allegations pertaining to service of process and his belief that prison employees and officials have been actively trying to prevent him from serving process upon Defendants by lying and refusing to accept service of process. He further complains about recent events that have occurred in 2026 that he views as mistreatment by correctional officers. Plaintiff states that he "would like a injunction for mail [personnel] who signed mail slip and Sgt. Richardson to be opposed [sic] so that can answer questions on this serious matter and plaintiff prays this honorable courts [sic] for help in this matter since he has no attorney and all his rights are being violated." *See* Docket Entry No. 91 at 6. Attached to his motion are proposed summonses for two TTCC administrative officials who are not defendants in the case. *See* Docket Entry No. 91-1.

In his second motion, Plaintiff reasserts some of the allegations of his complaint, makes additional allegations about recent events that that he views as mistreatment by prison correctional officers, and makes allegations pertaining to proceedings before the parle board. The exact nature of the preliminary injunctive relief that Plaintiff seeks is unclear other than requests that (1) the Court "assist him to stop" the alleged acts of retaliation, intimidation, mental anguish and abuse, and excessive force and (2) the Court enter an order "stopping the abuse by staff and intimidation of false charges." *See* Docket Entry No. 96. Plaintiff further states that he

[3] Two of Plaintiff's prior motions were motions for preliminary injunctive relief that were denied by Order entered January 16, 2026 (Docket Entry No. 81).

wants to refile charges related to the parole proceedings and attaches to his motion an "Offender Attributes" printout. *See* Docket Entyr No. 96-1.

## III. ANALYSIS

Federal Rule of Civil Procedure 65 governs requests for temporary restraining orders and preliminary injunctions. A preliminary injunction is considered a preventive, prohibitory, or protective measure taken pending resolution on the merits. *See Clemons v. Board of Educ. of Hillsboro*, Ohio, 228 F.2d 853, 856 (6th Cir. 1956). Its purpose is not to remedy an alleged wrong or to provide preemptive relief to a party but to "preserve the relative positions of the parties until a trial on the merits can be held," *EOG Resources, Inc. v. Lucky Land Mgmt., LLC*, 134 F.4th 868, 883 (6th Cir. 2025) (citing *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345-46), and is considered extraordinary relief. *See Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972). A request for such relief should be granted only if the movant carries a heavy burden of proving that the circumstances clearly demand it. *Overstreet v. Lexington–Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

In determining whether to grant a preliminary injunction, the court must consider whether the movant has established: (1) a "strong" likelihood of success on the merits; (2) that he will suffer irreparable injury absent injunctive relief; (3) that the balance of the equities favors the movant because the issuance of an injunction would not cause substantial harm to others; and (4) that the public interest would be served by the issuance of the injunction. *Sisters for Life, Inc. v. Louisville-Jefferson County*, 56 F.4th 400, 403 (6th Cir. 2022); *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). Whether to grant a preliminary injunction is within the discretion of the district court. *Tenn. Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009).

Here, denial of Plaintiff's motions is an appropriate exercise of the Court's discretion. As an initial matter, the motions should be denied for the threshold reason that they are not supported by an affidavit or declaration. Because the issuance of a preliminary injunction is an extraordinary remedy, the proof required for a party to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion. *Leary*, 228 F.3d at 739. Thus, a party seeking a preliminary injunction must present "more than 'scant evidence' to substantiate [its] allegations." *Patel v. AR Grp. Tennessee, LLC*, 2020 WL 5849346, at *4 (M.D. Tenn. Oct. 1, 2020) (quoting *Libertarian Party of Ohio v. Husted*, 751 F.3d 403, 417 (6th Cir. 2014)). An unsupported motion, such as Plaintiff's two motions, must be denied.

Even if the motions were properly supported, the motions should nonetheless be denied. First, the issues pertaining to problems with service of process have been addressed by the Court through other orders and are procedural issues that are unrelated to the actual claims in the case. Thus, they are not issues appropriate for resolution through a motion for preliminary injunctive relief. *See Doe v. Off. of Inspector Gen. (OIG)*, 2025 WL 2318623, at *5 (M.D.Tenn. Aug. 11, 2025) (Campbell, J.) ("the majority of the relief requested – acknowledgement of claims and requests for discovery – is not an appropriate subject for a preliminary injunction."). Likewise, Plaintiff's allegations pertaining to the parole board proceedings are issues unrelated to the claims in this case. Second, Plaintiff does not direct his requests for preliminary injunctive relief at an actual defendant. "In order to obtain a preliminary injunction, there must be a defendant against whom the preliminary injunction would be appropriately enforceable." *Doe v. Rausch*, 2025 WL 57711, at *5 (M.D.Tenn. Jan. 9, 2025). Further, Plaintiff may not seek an injunction based on matters that are factually unrelated related to the claims made in his complaint. "[A] party moving for a preliminary injunction must necessarily establish a relationship between the

injury claimed in the party's motion and the conduct asserted in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (alteration in original) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)).

Finally, Plaintiff does not actually seek to preserve the status quo in this case prior to trial but requests that the Court actively intervene on his behalf by overseeing aspects of his current incarceration. The Court finds no basis supporting such extraordinary relief. This action was only recently filed, and Plaintiff's likelihood of success on the merits is no greater than that of Defendants at this point. Plaintiff has also not made a persuasive showing that he will suffer irreparable harm if the requested injunctive relief is not granted. The balancing of harms required by the third factor also does not weigh in favor of the requested relief, and Plaintiff has not persuasively demonstrated that a public interest would be advanced by the requested relief as is required for the fourth factor. *National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 372 F.3d 712, 720 n.4 (6th Cir. 2003). There is a "public interest in leaving the administration of state prisons to state prison administrators." *Rhinehart v. Scutt*, 509 F.App'x 510, 516 (6th Cir. 2013).

Absent extraordinary and urgently compelling reasons, which have not been shown by Plaintiff, the Court will not intervene in the day-to-day operations in a correctional facility. *See Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988) (setting forth various public policy concerns relating to court intrusion into prison administrative matters and holding that a federal court should not "attempt to administer any portion of a state correctional system program except in the most compelling situations"); *Kendrick v. Bland*, 740 F.2d 432, 438 (6th Cir. 1984) (noting that federal restraint into intrusion of a state penal institution is counseled); *Griffin v. Berghuis*, 563 F.App'x 411, 417-18 (6th Cir. 2014) (citing *Turner v. Safley*, 482 U.S. 78, 82 (1987))

(decisions concerning the administration of prisons are vested in prison officials in the absence of a constitutional violation, and any interference by the federal courts in that activity is necessarily disruptive).

**RECOMMENDATION**

Based on the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motions for preliminary injunctive relief (Docket Entry Nos. 91 and 96) be **DENIED**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Three (3) additional days are added to this time for service by mail. *See* Rule 6(d) of the Federal Rules of Civil Procedure. Service is complete upon mailing. *See* Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge