**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JOHNNY EUGENE MCCLAIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:25-cv-000557** |
| | ) | |
| **COMMISSIONER FRANK STRADA,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

On July 22, 2026, the Magistrate Judge entered a Report and Recommendation ("R&R July 22") recommending, that among other things, that the Court deny Plaintiff's motion for the appointment of counsel. (Doc. No. 126). The Magistrate Judge cited in support of her recommendation the December 2, 2025 Order denying Plaintiff's motion for appointment of counsel. (Doc. No. 66). The Magistrate Judge's two decisions denying McClain's motions for appointment of counsel cited and explained that McClain does not satisfy the Supreme Court's standard of "exceptional circumstances." (Doc. No. 66 at 1). McClain has filed a timely motion for review of the R&R July 22.

Title 28 United States Code section 636(b)(1)(A), provides, in part, that this Court can reverse a magistrate judge's order if it is clearly erroneous or contrary to law. The R&R July 22 applied the correct legal standard that appointment of counsel for a pro se litigant must be based upon "exceptional circumstances." The Magistrate Judge's application of that standard to McClain's circumstances was not clearly erroneous. His circumstances are typical of litigants in custody and his filings show his ability to marshal legal authority to make his arguments. (Doc.

No. 130 at 3). McClain's custody status and physical limitation have not hindered his ability to make filings timely or marshal facts to support his position.

Accordingly, the Magistrate Judge's R&R July 22 is neither clearly erroneous nor contrary to law. The motion for appointment of counsel is **DENIED.**

On July 24, 2026, the Magistrate Judge issued a Report and Recommendation ("R&R July 24") recommending that the Court deny Johnny Eugene McClain's motion for preliminary injunction. (Doc. No. 128). The Magistrate Judge informed the parties that any objections to the R&R July 24 must be filed within 14 days of service. (Id. at 7). When service is made by mail, three additional days are added to the prescribed period. Fed. R. Civ. P. 6(d). The deadline to object was August 10, 2026. Neither party filed any objections.

Where, as here, there are no "timely objection[s]" to the R&R July 24, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment (citations omitted); see also Ashraf v. Adventist Health Sys./Sunbelt, Inc., 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018) (citing Thomas v. Arn, 474 U.S. 140, 150 (1985)) ("The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made.").

Having reviewed the R&R de novo, the Court finds no clear error. The R&R July 24 (Doc. No. 128) is **APPROVED AND ADOPTED**. The motion for a preliminary injunction (Doc. No. 91 and 96) is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

2